J-S53045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| McARTHUR FRANK HICKSON, | : | |
| | : | |
| Appellant | : | No. 642 MDA 2015 |

Appeal from the Order entered on March 17, 2015
in the Court of Common Pleas of Berks County,
Criminal Division, No(s): CP-06-CR-0000606-2009;
CP-06-0004746-2009

BEFORE: DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 24, 2015**

McArthur Frank Hickson ("Hickson") appeals, *pro se*, from the Order

dismissing his Petition for Writ of *Habeas Corpus*.[1] We affirm.

In 2010, Hickson pled guilty to one count each of Possession with

Intent to Deliver a Controlled Substance and Persons not to Possess, Use,

Manufacture, Control, Sell or Transfer Firearms.[2] Hickson also pled guilty to

an additional count of each charge, resulting from drug sales to an

---

[1] Any petition filed after judgement of sentence becomes final will be treated as a Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2010). The PCRA is the sole means of obtaining collateral relief, and subsumes all other remedies, including *habeas corpus*. **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013); 42 Pa.C.S.A. § 9542. In his Petition, Hickson challenges the legality of his sentence. Thus, Hickson's Petition was properly treated as a PCRA Petition.

[2] **See** 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 6105(a)(1).

undercover police officer during the time he was out on bail for the initial charges. The trial court sentenced Hickson to an aggregate term of 8 to 20 years in prison.[3] Hickson filed a direct appeal, which this Court dismissed for failure to file a brief on September 29, 2011.

Hickson filed his first PCRA Petition in December 2011. Hickson was appointed PCRA counsel, who filed a Petition to Withdraw as Counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted the Petition to Withdraw, and thereafter dismissed Hickson's Petition in March 2012. This Court affirmed the dismissal. **See Commonwealth v. Hickson**, 60 A.3d 852 (Pa. Super. 2012) (unpublished memorandum).

In January 2015, Hickson, *pro se*, filed the instant Petition for Writ of *Habeas Corpus*. The PCRA court treated Hickson's Petition as a PCRA Petition. After issuing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court dismissed the Petition in March 2015. Hickson filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Hickson raises the following question for review:

> Whether [], in reviewing the propriety of the [PCRA] court's dismissal of [Hickson's] state *habeas corpus* Petition, it was [an] abuse of discretion for the [PCRA] court to determine that it was

---

[3] Due to the weight of the drugs involved, the drug charges carried a 7-year mandatory minimum sentence. **See** 18 Pa.C.S.A. § 7508(a)(3)(iii).

- 2 -

subsumed into the PCRA and dismissed as a second PCRA Petition [] where [Hickson's] claims would not be cognizable if raised in a timely PCRA Petition?

Brief for Appellant at 4 (capitalization and internal quotations omitted).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" *See* 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final at the conclusion of direct review or at the expiration of time for seeking review. *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Hickson's judgment of sentence became final in October 2011. Because Hickson did not file the instant PCRA Petition until January 2015, his Petition is facially untimely.

However, we may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be

filed within 60 days of the date the claim could have been presented." *Id.* §9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Hickson claims that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), affords him relief under the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). Brief for Appellant at 8.[4] In *Alleyne*, the Court held the following:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne*, 133 S. Ct. at 2155. Hickson argues that because his mandatory minimum sentencing factors were not submitted to a trier of fact, his sentence violates his rights under the Sixth and Fourteenth Amendments, and his judgment of sentence should be vacated and the case remanded for re-sentencing. Brief for Appellant at 8-10. Hickson also claims that this Court must consider the merits of his claim because a challenge to the legality of the sentence is non-waivable. *Id.* at 10.

Hickson did not file the instant PCRA Petition within sixty days of the date the *Alleyne* decision was filed, as required under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(2). Accordingly, Hickson has failed to plead and prove

---

[4] Because Hickson numbered each page of his argument section page 5, we have renumbered his brief.

- 4 -

an exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the untimeliness of his Petition, and we cannot address the merits of his claims on appeal.[5] In any event, this Court has held that the **Alleyne** decision is not a sufficient basis to invoke the exception at Section 9545(b)(1)(iii), as the decision does not apply retroactively. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that "[e]ven assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence has become final. This is fatal to [a]ppellant's argument regarding the PCRA time-bar."); **see also Commonwealth v. Riggle**, 2015 PA Super 147, at *6 (Pa. Super. 2015). Thus, the PCRA court did not err in dismissing Hickson's Petition as untimely.[6]

Order affirmed.

---

[5] While Hickson correctly stated that challenges to the legality of the sentence are generally non-waivable, such claims "may [only] be entertained *so long as the reviewing court has jurisdiction*." **Commonwealth v. Robinson**, 931 A.2d 15, 19-20 (Pa. Super. 2007) (*en banc*) (emphasis added).

[6] Hickson also raises claims regarding the imposition of fines in relation to his convictions. However, Hickson has not demonstrated that such a claim invokes a timeliness exception to the PCRA. Further, the PCRA court found that all of the financial consequences arising out of the convictions have been resolved. **See** PCRA Court Opinion, 5/5/15, at 10.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015